UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **TERRANCE HOOD,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0071 AS |
| | ) | |
| **SUPT. BUSS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about, this pro se petitioner, Terrance Hood, incarcerated in the Indiana State Prison in Michigan City, Indiana, (ISP), filed the within petition seeking relief under 28 U.S.C. §2254. The response filed by the Attorney General of Indiana on September 11, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). As of this date, there is no traverse. Magistrate Judge Nuechterlein granted leave to file evidence under seal here on September 16, 2006.

In or around September 2005, this petitioner was found guilty of threatening and intimidation in a prison disciplinary proceeding designated as ISP 05-08-0325. The sanction consisted of an earned credit deprivation of 180 days. Such implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). According to the papers filed, this defendant has a murder conviction and there is apparently a 45-year additional term to be served for attempted murder. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is

sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

It is important that issues be preserved by bringing them up in the administrative review. *See Eads v. Hanks*, 280 F.3d 728 (7th Cir. 2002), and *Markham v. Clark*, 978 F.2d 993 (7th Cir. 1992). It needs to be repeated that while it is important in this species of proceeding that prisoners be able to see and hear the witnesses, there is no constitutional right to confront and cross-examine. The testimony also must be relevant and not repetitive. *See Pannell v. McBride*, 306 F.3d 499 (7th Cir. 2002).

There is a good deal said here about the withholding information from the confidential file, and certainly the language in *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992), *cert. denied*, 507 U.S. 950 (1993), relying on *Bell v. Wolfish*, 441 U.S. 520 (1979) gives a large bundle of discretion to prison administrators to engage in such a practice. Physical evidence is not always necessary at the hearing. *See Hayes v. McBride*, 965 F. Supp. 1186 (N. D. Ind. 1997).

This court has taken the trouble to examine the so-called confidential file. Although the petitioner has not filed a traverse as of the date of this ruling, he has certainly failed to make a case for an impartial decision-maker, as required in *Redding v. Fairman*, 717 F.2d 1105 (7th Cir. 1983), *cert. denied*, 465 U.S. 1025 (1984). The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.

*See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).  The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).  The so-called ADP is a species of state law for this purpose generally.  *See Hester v. Mc Bride*, 966 F. Supp. 765 (N.D. Ind. 1997).  This petitioner's due process rights, protected by the Fourteenth Amendment of the Constitution of the United States, were not violated in this proceeding.  The court does not bottom any decision here on the basis of harmless error.

The Attorney General has placed before this Court a series of documents designated A through S3, both inclusive, which explicate in great detail the proceedings involved.  When it is all said and done, the petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  November 3, 2006

 /S/ ALLEN SHARP
 **ALLEN SHARP, JUDGE**
 **UNITED STATES DISTRICT COURT**